OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the motion to adjudge appellant in contempt dismissed.
Respondents, State Division of Human Rights and State Human Rights Appeal Board, seek to have appellant, board of education, held in contempt for violating an order of the Appellate Division- dated June 25, 1973 directing appellant, among other things, to cease and desist from discriminating against its employees on the basis of. sex. Although a motion to adjudge appellant in contempt might well be a proper means of attacking an alleged continued failure to obey that order, such a procedural vehicle is inappropriate where, as here, specific relief is sought for named individuals who were not parties to the proceeding out of which the order arose.
A claimant alleging an unlawful discriminatory practice under the State Human Rights Law has the option of filing a verified written complaint with the Human Rights Division (Executive Law, § 297, subd 1) or suing directly in a court of *904 competent jurisdiction (Executive Law, § 297, subd 9). If the former course is followed, a verified written complaint "must be * * * filed [with the Human Rights Division] within one year after the alleged unlawful discriminatory practice.” (Executive Law, § 297, subd 5 [emphasis supplied].) This requirement should be regarded as a condition to be performed before the substantive right to the relief sought arises. Moreover, regardless of which course is pursued, in a case such as this where "only enforcement of private rights” as opposed to "vindication] [of] a public interest” is sought (Union Free School Dist. v New York State Human Rights Appeal Bd., 35 NY2d 371, 380), a verified written claim must be presented to the school board "within three months after the accrual of such claim” (Education Law, § 3813, subd 1). Noncompliance with this requirement likewise bars the right to the relief sought. Since none of the claimants have complied with either of the above statutory requirements, and since the prescribed time periods have expired, their claims are now barred and contempt does not lie.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.